| STATE OF INDIANA | | IN THE LAPORTE SUPERIOR COURT NO. 2 |
|---|---|---|
| | SS: | |
| COUNTY OF LAPORTE | | CAUSE NO. _____ 46D02-2302-PL-000197 |

BULK TRANSPORT CORP d/b/a
BULK EQUIPMENT CORP.,

       *Plaintiff,*

      v.

FE RAIL, LLC, and FE GROUP
HOLDINGS, LLC,

       *Defendants.*

## **COMPLAINT**

BULK TRANSPORT CORP d/b/a BULK EQUIPMENT CORP.  ("Bulk"), by counsel, respectfully states the following for its Complaint against Fe Rail, LLC and Fe Group Holdings, LLC (collectively, "Fe"):

1.     In business in LaPorte County since 1951, Bulk rents and services heavy equipment for projects across the country.

2.     Fe Rail, LLC is a Delaware limited liability company that, among other things, dismantles decommissioned rail cars.

3.     Fe Group Holdings, LLC is a Delaware limited liability company that, upon information and belief, acts as a holding company for Fe Rail, LLC.  Fe Group Holdings, LLC is the manager of Fe Rail, LLC.

1

4.    Pursuant to a series of Rental Agreements, Bulk leased to Fe more than 15 pieces of heavy equipment, including excavators, shears, and lift trucks, for Fe's use on railcar decommissioning and other demolition projects in multiple states. A true and correct copy of the Rental Agreements is attached as **Exhibit 1**.

5.    Despite agreeing to "absolute and unconditional" payment obligations and using Bulk's equipment to earn money of its own, Fe has failed to pay all amounts owed to Bulk.

6.    Fe damaged multiple pieces of Bulk's equipment and has failed to pay Bulk for amounts Bulk incurred to repair equipment Fe damaged or abused.

7.    By a letter dated December 19, 2022, Bulk formally notified Fe of Fe's default and enclosed a copy of an account ledger indicating $1,928,328.88 owed to Bulk. A true and correct copy of Bulk's letter to Fe is attached as **Exhibit 2**.

8.    Fe received Bulk's letter.

9.    Fe has never challenged or protested the amount it owes.

10.    Fe has made no payments to Bulk since August 31, 2022.

11.    Fe owes Bulk at least $1,928,328.88.

12.    Pursuant to the Rental Agreements, Fe is also required to pay Bulk's costs, expenses, and attorneys' fees incurred in connection with Fe's breaches of the Rental Agreements.

## COUNT 1 – BREACH OF CONTRACT

13.     Bulk incorporates by reference the allegations set forth in paragraphs 1–11.

14.     Bulk is entitled to sue on the Rental Agreements.

15.     Fe has breached and is, as applicable, continuing to breach the Rental Agreements by failing to pay amounts owed.

16.     Bulk has performed—or, due to Fe's prior material breaches, is excused from performing—all conditions precedent to the enforcement of the Rental Agreements.

17.     Bulk has not excused Fe's nonperformance and other breaches.

18.     Bulk has been harmed by Fe's breaches and will be further harmed by Fe's continuing breaches.

## COUNT 2 – ACCOUNT STATED

19.     Bulk incorporates by reference the allegations set forth in paragraphs 1–11.

20.     The account stated in the ledger Bulk sent to Fe on December 19, 2022, arises out of Bulk's prior dealings with Fe.

21.     The parties have agreed that all items of account and the balance are correct.

22.     Fe has never disputed its balance.

23.     Fe has, expressly or impliedly, promised to pay the balance.

24.     The $1,928,328.88 balance on Fe's account is just and due from Fe.

## COUNT 3 – UNJUST ENRICHMENT

25.    Bulk incorporates by reference the allegations set forth in paragraphs 1–11.

26.    By providing equipment to Fe for use in Fe's business, Bulk conferred a measurable benefit upon Fe at Fe's express or implied request.

27.    Allowing Fe to retain that benefit—that is, money Fe has earned in its business through the use of Bulk's equipment—without restitution would be unjust because Fe has never paid Bulk for its use of Bulk's equipment.

## PRAYER FOR RELIEF

WHEREFORE, Bulk, by counsel, respectfully requests that this Court enter a judgment:

1.    Awarding Bulk all compensatory or other damages, according to the proof at trial.

2.    Awarding Bulk its costs and attorneys' fees incurred, plus prejudgment and post-judgment interest.

3.    Awarding Bulk all other appropriate relief.

Respectfully submitted,

Date:  February 1, 2023

/s/ Riley H. Floyd
Michael R. Limrick (23047-49)
mlimrick@hooverhullturner.com
Riley H. Floyd (34014-29)
rfloyd@hooverhullturner.com
Janet Lynn Thompson (36298-32)
jthompson@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Tel: 317.822.4400
Fax: 317.822.0234

/s/ Craig V. Braje
Craig V. Braje (3846-46)
cvb@braje-nelson.com
BRAJE, NELSON & JANES LLP
126 E. 5th Street
Michigan City, IN  46360
Tel: 219.872.2100
Fax: 219.873.9163

Attorneys for Bulk

1238799v2

5



**POSITIONED FOR PERFORMANCE**
BulkEquip.com

# Rental Agreement

## FE Rail

Date: 5.28.2019

TO:
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT / E-MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail | Chad Roach<br>croach@ferail.co<br>731 600 8102 | Christopher Carr<br>630 123 4567 |

| CONTRACT TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 12 Months | July 1, 2021 | ☑ Yes (attach certificate of exemption)  ☐ No | ☑ Received (attach Cert of Ins) Date |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Genesis GXP 990R | Used Mobile Shear; 18,500lbs; 36" Jaw Opening; 35" Jaw Depth; 15' Reach; Minimum 100,000lb.; Excavator Required. Bracket too included to hook onto the machine. New set of Blades with the Unit. | $13,700.00 |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to TBD | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 12-month commitment. FE Rail will be responsible for all routine maintenance, greasing, consumables, blade replacement, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 30 days to have the unit on site. We look forward to working with you and continuing to strengthen our relationship.

*After 12-Monthly Payments FE Rail will take ownership of the unit. If the 12 Monthly payments are not met, FE Rail will forfeit any rent that has been paid and Bulk Equipment Corp will maintain ownership. (Total Transaction-$164,400)
*This agreement is contingent upon FE Rail inspecting the unit in Albany, NY for acceptance of the operating condition of the unit. Bulk is the conduit to enable FE Rail to identify and procure the unit over a 12 Month Period, Bulk has no warranty or maintenance responsibilities for the duration of the agreement.
*This agreement is good in GA, TN and TX.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

CUSTOMER/COMPANY
FE GROUP HOLDINGS
*Print*

John Markoff        6-2-21
*Authorized Signature*        *Date*

BULK EQUIPMENT CORP.
Valerie Blumenfeld
*Print*

Valerie Blumenfeld
*Authorized Signature*        *Date*
6.3.21

©2018 BULK EQUIPMENT CORP.        PAGE 1

 | POSITIONED FOR PERFORMANCE BulkEquip.com | **Rental Agreement**

## RENTAL AGREEMENT
### GENERAL TERMS AND CONDITIONS

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. **UCC Truck Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any lien of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. **Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 8 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour in excess of such amount (at the applicable industry rate/at a rate of [$0] per hour). Abnormal tire/tread wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 5. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.

7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. Physical Damage: Inland Marine/All Risk to cover the full insurable value of the Equipment including any boom or jib, for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $225,000 and will name Bulk Equipment Corp as Loss Payee. ATIMA. General Liability, Auto Liability and Excess/Umbrella will be maintained by Renter and shall name BULK Equipment Corp., [and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter] as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, the merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter holds the Equipment "as is". BULK shall not be liable to Renter for any loss, damage, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use of maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

9. **Operators:** Only operators sufficiently trained by industry standards shall operate the Equipment.

10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is needed or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, call outs and consumables, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

11. **Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

12. **Access:** Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

13. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

14. **Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 5 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

15. **Indemnification:** Commencing with leasing of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

16. **Limitation of Liability:** In no event shall BULK be liable to Renter any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

17. **Notice:** Any notices or demands shall be based between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon and sent by in writing.

18. **Governing Law/Venue/Waiver of Trial by Jury:** This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

19. **Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

20. **Entire Agreement:** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

21. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated herein.

22. **Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not constitute a waiver of any provision or waiver of other defaults.

23. **Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP.          PAGE 2

 **BULK** POSITIONED FOR PERFORMANCE BulkEqqip.com

# Rental Agreement

## FE Rail

Date: 5.28.2019

TO:
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT FE RAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail Waycross, GA | Chad Roach Sr. Director [ ] 312 498 6167 | Champagne Fox |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 36 Months | July 1, 2021 | [ ] Yes (if exempt cert. attach all) [ ] No | [ ] Received (on Only Unit #) |

| QTY | MAKE MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Caterpillar 330L | 43,431 lb., Wheeled Excavator, Cat 3050 ATAAC Engine (Tier 3), 159 HP, Tires 10.00-20 Dual Pneumatic, Cab with AC, Magnet and Bucket | $7,995.00 |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to Waycross, GA | $5,800.00 |
| 1 | Pick Up | Delivery to Michigan City, IN | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 36-month commitment. The price includes 250 hours of run time per unit, per calendar month. Hours more than 250 will be invoiced monthly at the highlighted hourly rate. Bulk will be responsible for all major maintenance and fleet reporting (GPS/Utilization) for the period of the rental. Bulk will have a qualified technician on site within 48 Hours to address any major repairs. Bulk will provide filter kits to FE Rail for the PMs. FE Rail will be responsible for all routine maintenance, greasing, AC, consumables, glass, fuel, seats, lights, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 30 days to have the machine on site and operational. We look forward to working with you and continuing to strengthen our relationship.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

CUSTOMER/COMPANY
FE GROUP HOLDINGS
*Print*
_Authorized Signature_  6-2-21  *Date*

BULK EQUIPMENT CORP.
Valerie Blumenfeld
*Print*
_Authorized Signature_  6.9.21  *Date*

©2019 BULK EQUIPMENT CORP.    PAGE 1

**BULK** EQUIPMENT CORP.
POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## RENTAL AGREEMENT
### GENERAL TERMS AND CONDITIONS

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewal upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. **UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any form of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. **Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 250 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour in excess of such amount (at the applicable industry rate) a rate of [$32] per hour]. Abnormal fire/road wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 8. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.

7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. **Physical Damage:** Inland Marine/All Risk to cover the full insurable value of the Equipment including any boom or jib, for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by Industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $225,000 and will name Bulk Equipment Corp as Loss Payee. ATIMA. **General Liability, Auto Liability and Excess/Umbrella** will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate Including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability Insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M Best Key Rating Guide.

8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty of guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof for any loss of business howsoever caused.

9. **Operators:** Only operators sufficiently trained by industry standards shall operate the Equipment.

10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is needed or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, call outs and communicates, except for such repairs required as a result of accidental damage, operator misuse or unsafe wear, which shall be the responsibility of Renter.

11. **Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable. BULK Access: Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

12. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

13. **Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 8 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue un-remedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or ceases, be unable, or admit in writing its inability, to pay its debts as they mature, or makes a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorizes such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

14. **Indemnification:** Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

15. **Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in the aggregate.

16. **Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

17. **Governing Law/Venue/Waiver of Trial by Jury:** This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

18. **Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

19. **Entire Agreement.** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

20. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated herein.

21. **Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of other defaults.

22. **Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP.     PAGE 2

 POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

Date: 6.8.2019

## FE Rail

**TO:**
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL  60601

| SHIP TO | CUSTOMER CONTACT / E-MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail | Chad Roach<br>croach@ferail.com<br>731.608.6762 | Christopher Lail<br>724.992.1134 |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 24 Months | August 1, 2021 | ☐Yes *(exempt certificate required)*  ☐No | ☐Received *(For Office Use Only)* |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 2 | Caterpillar 349 | Used Tool Control Hydraulic Excavator, R-Boom 12'10", Cab with Heat and AC, 36" Track TG GLT, HYD. Valve-TCS Package, Rear View Camera, bracket for a Genesis GXP 990R to be attached | $16,500.00 Each |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to TBD | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs.  The above pricing is based on a 24-month commitment. FE Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental.  Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 75-90 days to have the unit on site.  We look forward to working with you and continuing to strengthen our relationship.

*After 24-Monthly Payments FE Rail will take ownership of the unit.  If the 24 Monthly payments are not met, FE Rail will forfeit any rent that has been paid and Bulk Equipment Corp will maintain ownership. (Total Transaction-$396,000 Each)
*This agreement is contingent upon FE Rail inspecting the unit for acceptance of the operating condition of the unit.  Bulk is the conduit to enable FE Rail to identify and procure the unit over a 24 Month Period, Bulk has no warranty or maintenance responsibilities for the duration of the agreement.
*This agreement is good in GA, TN and TX.
*If this unit is located near a Bulk Technician, Bulk will provide rates for repairs as if it were one of Bulk's Fleet Rental Operations.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

**CUSTOMER/COMPANY**

*JOHN MARKOFF*
Print

*John Markoff*
Authorized Signature                      Date

**BULK EQUIPMENT CORP.**

Print

Authorized Signature                      Date

©2018 BULK EQUIPMENT CORP.    PAGE 1

**BULK** EQUIPMENT CORP.

POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## RENTAL AGREEMENT
## GENERAL TERMS AND CONDITIONS

**1. Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

**2. UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

**3. Precautionary UCC-1 Financing Statement;** No Liens. Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

**4. Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment that Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

**5. Rental Rate:** Rental Agreement rate and corresponding conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

**6. Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 0 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour in excess of such amount [at the applicable industry rate] at a rate of [$0] per hour]. Abnormal fire/road wear and tear or damage shall also subject Renter to additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 5. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.

**7. Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. **Physical Damage:** Inland Marine/All Risk to cover the full insurable value of the Equipment including any boom or jib, for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $1,000,000 and will name Bulk Equipment Corp as Loss Payee, ATIMA. **General Liability, Auto Liability and Excess/Umbrella** will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the Equipment and shall be submitted at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an Insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

**8. Warranties: As BULK is** neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, the material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

**9. Operators:** Only operators sufficiently trained by industry standards shall operate the Equipment.

**10. Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is noted or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, call outs and consumables, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

**11. Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

**12. BULK Access:** Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

**13. Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

**14. Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 5 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

**15. Indemnification:** Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

**16. Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

**17. Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

**18. Governing Law/Venue/Waiver of Trial by Jury:** This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

**19. Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

**20. Entire Agreement.** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

**21. Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated herein.

**22. Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of same.

**23. Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP.        PAGE 2

 POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## FE Rail

Date: 6.17.2019

**TO:**
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT / E-MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail | Chad Roach<br>croach@feral.com<br>731.608.6762 | Christopher Lait<br>724.962.1134 |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 24 Months | September 1, 2021 | ☐ Yes (exempt certificate required)  ☐ No | ☐ Received (For Office Use Only) |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 2 | Caterpillar 349 | Used Tool Control Hydraulic Excavator, R-Boom 12'10", Cab with Heat and AC, 36" Track TG GLT, HYD. Valve-TCS Package, Rear View Camera, bracket for a Genesis GXP 990R to be attached | $16,500.00 Each |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to TBD | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 24-month commitment. FE Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 75-90 days to have the unit on site. We look forward to working with you and continuing to strengthen our relationship.

*After 24-Monthly Payments FE Rail will take ownership of the unit. If the 24 Monthly payments are not met, FE Rail will forfeit any rent that has been paid and Bulk Equipment Corp will maintain ownership. (Total Transaction-$396,000 Each)
*This agreement is contingent upon FE Rail inspecting the unit for acceptance of the operating condition of the unit. Bulk is the conduit to enable FE Rail to identify and procure the unit over a 24 Month Period, Bulk has no warranty or maintenance responsibilities for the duration of the agreement.
*This agreement is good in GA, TN and TX.
*If this unit is located near a Bulk Technician, Bulk will provide rates for repairs as if it were one of Bulk's Fleet Rental Operations.
*Units 3 and 4 of the Cat 349 Fleet

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

| CUSTOMER/COMPANY | BULK EQUIPMENT CORP. |
|---|---|
| _JOHN MARKOFF_ | |
| Print | Print |
| _John Markoff_   6-18-21 | |
| Authorized Signature          Date | Authorized Signature          Date |



POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

**RENTAL AGREEMENT**
**GENERAL TERMS AND CONDITIONS**

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, 'Renter') holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. **UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. **Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 0 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour in excess of such amount [at the applicable industry rate/at a rate of [$0] per hour]. Abnormal tire/tread wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall: at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like Equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 5. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.

7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. *Physical Damage:* Inland Marine/All Risk to cover the full insurable value of the Equipment including any boom or jib, for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by Industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $1,000,000 and will name Bulk Equipment Corp as Loss Payee, ATIMA. *General Liability, Auto Liability and Excess/Umbrella* will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be maintained against from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or Injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK is not liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as Is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

9. **Operators:** Only operators sufficiently trained by industry standards shall operate the Equipment.

10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is noted or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, call outs and consumables, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

11. **Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

12. **BULK Access:** Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

13. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

14. **Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 5 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

15. **Indemnification:** Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

16. **Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

17. **Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

18. **Governing Law/Venue/Waiver of Trial by Jury:** This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

19. **Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

20. **Entire Agreement:** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

21. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated herein.

22. **Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of other provision.

23. **Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment

©2018 BULK EQUIPMENT CORP.    PAGE 2

 **BULK** EQUIPMENT CORP.

POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## FE Rail

Date: 6.17.2019

TO:
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT / E MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 28 day/Months | | | |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Doosan DX420LC-3 | Used Tool Control Hydraulic Excavator | $24,750.00 |
| 1 | Genesis GXT775R | Hydraulic Mobile Shear | Package |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Wright City, OK | $17,750.00 |
| 1 | Freight | Cleveland, OH | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a monthly (28-Day) commitment. FE Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 10 days to have the unit on site. (Pending freight availability) We look forward to working with you and continuing to strengthen our relationship.

*Shear must be returned with new blades.
*First month payment due before shipment.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

CUSTOMER/COMPANY

_Terri Maurice_
Print

_____  N/S
Authorized Signature         Date

BULK EQUIPMENT CORP.

_Valerie Blumenfeld_
Print

_Valerie Blumenfeld_   6-21-21
Authorized Signature         Date

©2018 BULK EQUIPMENT CORP.    PAGE 1

BULK EQUIPMENT CORP. | POSITIONED FOR PERFORMANCE | BulkEquip.com

# Rental Agreement

## RENTAL AGREEMENT
## GENERAL TERMS AND CONDITIONS

1. Rental Period: Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.
2. UCC True Lease: The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.
3. Precautionary UCC-1 Financing Statement; No Liens. Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.
4. Receipt of Equipment: Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.
5. Rental Rate: Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.
6. Return of Equipment: Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 176 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour more than such amount (at the applicable industry rate at a rate of [$141] per hour). Abnormal treatment wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 6. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.
7. Insurance: Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. Physical Damage: Inland Marine/All Risk to cover the full insurable value of the Equipment including any boom or jib, for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $400,000 and will name Bulk Equipment Corp as Loss Payee, ATIMA. General Liability, Auto Liability and Excess/Umbrella will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability Insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration to the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.
8. Warranties: As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.
9. Operators: Only operators sufficiently trained by industry standards shall operate the Equipment.
10. Daily Inspection; Maintenance: Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is noted or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, call outs and consumables, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.
11. Taxes, Fees, Assessments: Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.
12. BULK Access: Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.
13. Use of Equipment: BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.
14. Events of Default & Remedies: BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 8 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.
15. Indemnification: Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.
16. Limitation of Liability: In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.
17. Notice: Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.
18. Governing Law/Venue/Waiver of Trial by Jury: This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.
19. Survival: All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.
20. Entire Agreement. This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.
21. Miscellaneous Terms: Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any terms issued in the Agreement or future invoicing is also incorporated hereto.
22. Waiver: BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of other defaults.
23. Laws, Regulations and Rules: Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.



POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## FE Rail

Date: 6.8.2021

**TO:**
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT / E-MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail<br>TBD | Chad Roach<br>. .<br>731 603 6702 | Christopher Lui |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 24 Months | August 1, 2021 | ☐ Yes (exempt certificate required)   ☐ No | ☐ Received (For Office Use Only) |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Sennebogen 830M | 84,000 lbs. Wheeled Material Handler, Cummins QSB6.7 Engine, 235 HP, Magnet System 20kW, 50'1" Reach, Elevating Cab with Heat & AC, 8 12.00 x 20 Tires, Four Outriggers-No Attachment | $14,000.00 |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to TBD | TBD |
| 1 | Pick Up | Delivery to Michigan City, IN | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 24-month commitment. The price includes 200 hours of run time per unit, per calendar month. Hours more than 200 will be invoiced monthly at the highlighted hourly rate. Bulk will be responsible for all major maintenance and fleet reporting (GPS/Utilization) for the period of the rental. Bulk will have a qualified technician on site within approximately 48 Hours to address any major repairs. Bulk will provide filter kits to FE Rail for the PMs. FE Rail will be responsible for all routine maintenance, greasing, AC, consumables, glass, tires, DEF, fuel, seats, lights, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 90 days to have the machine on site and operational. We look forward to working with you and continuing to strengthen our relationship.

*FE Rail can negotiate a purchase of this unit at any time during the term of the agreement.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

**CUSTOMER/COMPANY**

_JOHN MARKOFF_
Print

_John Markoff_
Authorized Signature                          Date

**BULK EQUIPMENT CORP.**

_____
Print

_____
Authorized Signature                          Date

©2018 BULK EQUIPMENT CORP.    PAGE 1

# BULK EQUIPMENT CORP.

POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## RENTAL AGREEMENT
## GENERAL TERMS AND CONDITIONS

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. **UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. **Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal standard wear and tear, including operator abuse. The Rental Rate is only applicable to 200 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour over that amount (at this applicable industry rate at a rate of [$70] per hour). Abnormal tire wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as referenced below in section 5. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, BULK will invoice to customer at $4.50/gallon.

7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. *Physical Damage:* Inland Marine/All Risk to cover the full insurable value of the Equipment including any loss or (b) for its loss or damage from any and all causes including, but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $450,000 and will name Bulk Equipment Corp as Loss Payee. ATIMA. *General Liability, Auto Liability and Excess/Umbrella* will be maintained by Renter and shall name BULK Equipment Corp. (and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000 (c) Workers Compensation and Employer Liability insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M. Best Key Rating Guide.

8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repair, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

9. **Operation:** Only operators sufficiently trained by industry standards shall operate the Equipment.

10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is noted or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, calls outs and consumables, except for parts/repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

11. **Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

12. **BULK Access:** Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

13. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

14. **Events of Default & Remedies:** BULK may consider Renter in breach of this Rental Agreement, and any other agreement between Renter and BULK in breach if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 5 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue un-remedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) files or discloses (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

15. **Indemnification:** Commencing with issuing of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

16. **Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

17. **Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

18. **Governing Law/Venue/Waiver of Trial by Jury:** This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

19. **Survival:** All provisions, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any conditions delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

20. **Entire Agreement.** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter which shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

21. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated herein.

22. **Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of other defaults.

23. **Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP.        PAGE 2



POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## FE Rail

Date: 6.18.2021

TO:
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 6100
Chicago, IL 60601

| SHIP TO: | CUSTOMER CONTACT/E MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail | | |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 36 Months | September 2021 | | |

| QTY | MAKE/MODEL # | DESCRIPTION | MONTHLY PRICE EACH |
|---|---|---|---|
| 3 | Ten | | $12,500.00 |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to TBD | TBD |
| 1 | Pick Up | Delivery to TBD | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 36-month commitment. The price includes 200 hours of run time per unit, per calendar month. Hours more than 200 will be invoiced monthly at the highlighted hourly rate. Bulk will be responsible for all major maintenance and fleet reporting (GPS/Utilization) for the period of the rental. Bulk will have a qualified technician on site within approximately 48 Hours to address any major repairs. Bulk will provide filter kits to FE Rail for the PMs. FE Rail will be responsible for all routine maintenance, greasing, AC, consumables, glass, tires, DEF, forks, fuel, seats, lights, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 90 days to have the machine on site and operational. We look forward to working with you and continuing to strengthen our relationship.

*FE Rail can negotiate a purchase of this unit at any time during the term of the agreement.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

CUSTOMER/COMPANY

_____

_John Markoff_   6-24-21
Authorized Signature        Date

BULK EQUIPMENT CORP.

_Valerie Blumenfeld_
Print

_Valerie Blumenfeld_   7-11-21
Authorized Signature        Date

©2018 BULK EQUIPMENT CORP.        PAGE 1



**BULK** EQUIPMENT CORP.  POSITIONED FOR PERFORMANCE  BulkEquip.com

# Rental Agreement

**RENTAL AGREEMENT**
**GENERAL TERMS AND CONDITIONS**

1. Rental Period: Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") believe the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (the "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK prior to the last date (30) days prior to the end of the Rental Period; provided, that if Equipment may only be renewed upon the mutual written agreement of the parties. If the rental period is month-to-month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, where such failure or delay results from any cause beyond its reasonable control, including effect, fees, delay by manufacturer, natural disaster, or other unexcepted disasters.

2. UCC True Lease: The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. Precautionary UCC-1 Financing Statements; No Liens. Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. Receipt of Equipment: Renter shall inspect the Equipment upon delivery, & defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be deemed delivered in a full tank of fuel.

5. Rental Rate: Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, acceleration, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. Return of Equipment: Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal standard wear and tear, including operator abuse. The Rental Rate is only applicable to 200 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour thereafter such amount (a) the applicable industry rate at a rate of ($85) per hour). Abnormal/overload wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 6. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.00/gallon.

7. Insurance: Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. Physical Damage. Inland Marine/All Risk to cover the full insurable value of the Equipment including any boom or jib, for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by Industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $500,000 and will name Bulk Equipment Corp as Loss Payee, ATIMA. General Liability. Auto Liability and Excess/Umbrella will be maintained by Renter and shall name BULK Equipment Corp. (and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance or repair of the Equipment. Following Liability minimums limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $2,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability Insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment will at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

8. Warranties: As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defects in, or inefficiency of, Equipment however partial. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

9. Operators: Only operators sufficiently trained by industry standards shall operate the Equipment.

10. Daily Inspection; Maintenance: Renter shall conduct daily, or otherwise as necessary, visual, official, and fire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is noted or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, and costs and documentation, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

11. Taxes, Fees, Assessments: Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

12. BULK Access: Renter and/or grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection at same.

13. Use of Equipment: BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operation of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

14. Events of Default & Remedies: BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and each failure continues for a period of five (5) days; or if Renter abandons any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 5 herein, or fails to repair or replace any Equipment that suffers any material unresolved damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder; or if Renter suffers or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to move, sell, transfer, encumber, part with possession, or sublet any item of Equipment or any part or other claims to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) ceases or discontinues (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent, or proceedings to such end shall be instituted against it without such authorization, application or consent and proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer a unknown change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

15. Indemnification: Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

16. Limitation of Liability: In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than rent owed, in relation to this Agreement.

17. Notice: Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

18. Governing Laws/Venue/Waiver of Trial by Jury: This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury as any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

19. Survival: all representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any conditions delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

20. Entire Agreement: This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

21. Miscellaneous Terms: Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term found to be in agreement or future law/rule is also incorporated herein.

22. Waiver: BULK's failure to require strict performance by Renter of any provision herein shall not diminish BULK's right thereafter to demand strict compliance or waiver of other remedies.

23. Laws, Regulations and Rules: Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2016 BULK EQUIPMENT CORP.        PAGE 2



| POSITIONED | |
| FOR PERFORMANCE | **Rental Agreement** |
| Bulkhp.to.com | |

**FE Rail**

Date: 8.21.2021

TO:
Chad Rosch
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT FE RAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail | | |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 24 Month | September | | |

| QTY | MAKE+MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Genesis GXT99RR | Mobile Shear, Jaw Armor Included, 12 Month/1,500 Hour OEM Warranty | $13,300.00 |
| 1 | Genesis GXT775R | Mobile Shear, Jaw Armor Included, 12 Month/1,500 Hour OEM Warranty | $11,900.00 |
| 1 | Genesis GXT775R | Mobile Shear, Jaw Armor Included, 12 Month/1,500 Hour OEM Warranty | $11,900.00 |

| QTY | ITEM | DESCRIPTION | RATE |
|---|---|---|---|
| 1 | Freight | Delivery to Lafayette, IN | TBD |
| 1 | Freight | Lafayette, IN to FE Rail Location | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 24-month commitment. FE Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 75-90 days to have the unit on site. We look forward to working with you and continuing to strengthen our relationship.

*After 24-Monthly Payments FE Rail will take ownership of the units. If the 24 Monthly payments are not met, FE Rail will forfeit any rent that has been paid and Bulk Equipment Corp will maintain ownership.
*Hoses and set up to the Cat 349s is not included in this price and will be an additional charge due before delivery.
*If this unit is located near a Bulk Technician, Bulk will provide rates for repairs as if it were one of Bulk's Fleet Rental Operations.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

**CUSTOMER/COMPANY**
*JOHN MARKOFF*
Print

*John Markoff*              6.22.21
Authorized Signature          Date

**BULK EQUIPMENT CORP.**
*Valeria Blumenfeld*
Print

*Valeria Blumenfeld*
Authorized Signature
6.23.21
Date

©2018 BULK EQUIPMENT CORP.        PAGE 1



POSITIONED
FOR PERFORMANCE
BULKEquip.com

# Rental Agreement

**RENTAL AGREEMENT**
**GENERAL TERMS AND CONDITIONS**

1. Rental Period: ...

2. ...

3. Precautionary UCC-1 Financing Statement; No Liens. ...

4. ...

5. Rental Rate; Rental Agreement rate and accompanying conditions ...

6. Return of Equipment. ...

7. Insurance. ...

8. Warranties. As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment ...

9. Operators. Only operators sufficiently trained by industry standards shall operate the Equipment.

10. Daily Inspection; Maintenance. ...

11. Taxes, Fees, Assessments. ...

12. ...

13. Use of Equipment. ...

14. Events of Default & Remedies. ...

15. Indemnification. ...

16. Limitation of Liability. ...

17. Notice. ...

18. Governing Law/Venue/Trial by Jury. ...

19. Survival. ...

20. Entire Agreement. ...

21. Miscellaneous. ...

22. Waiver. ...

23. Laws, Regulations and Rules. ...



**POSITIONED**
**FOR PERFORMANCE**
BulkEquip.com

# Rental Agreement

## FE Rail

Date: 7.1.21

**TO:**
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT / E-MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail | Chad Roach <br> [ . . . . ] <br> 751-628-8752 | Christopher Lail <br> . . . |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 6 Months | August 1, 2021 | ☐ Yes (exempt certificate required)  ☐ No | ☐ Received (For Office Use Only) |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Rotobec <br> RPM4-100RT50Z-M30 | 1 yard Grapple with 30" Magnet, includes hanger and hoses | $8,900.00 |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to TBD | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 6-month commitment. FE Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 30 days to have the unit on site. We look forward to working with you and continuing to strengthen our relationship.

*After 6-Monthly Payments FE Rail will take ownership of the unit. If the 6 Monthly payments are not met, FE Rail will forfeit any rent that has been paid and Bulk Equipment Corp will maintain ownership. (Total Transaction-$53,400)
*This attachment will be placed on the Sennebogen 830 previously rented by Fe Rail.
*If this unit is located near a Bulk Technician, Bulk will provide rates for repairs as if it were one of Bulk's Fleet Rental Operations.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

**CUSTOMER/COMPANY**

_JOHN MARKOFF_
Print

_John Markoff_          _6-30-21_
Authorized Signature          Date

**BULK EQUIPMENT CORP.**

_____
Print

_____
Authorized Signature          Date

©2018 BULK EQUIPMENT CORP.    PAGE 1

 POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## RENTAL AGREEMENT
### GENERAL TERMS AND CONDITIONS

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, 'Renter') holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate often percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. **UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancellable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. **Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 8 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour in excess of such amount (at the applicable industry rate)at a rate of [$30] per hour). Abnormal frictional wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 5. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, BULK will invoice to customer at $4.50/gallon.

7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. *Physical Damage:* In and Marine/All Risk to cover the full insurable value of the Equipment including any loss or [ ], for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on this type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $50,000 are will name Bulk Equipment Corp as Loss Payee. ATIMA. *General Liability, Auto Liability and Excess/Umbrella* will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment lessor-owner/company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability. (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (e) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstance, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

9. **Operators:** Only operators sufficiently trained by industry standards shall operate the Equipment.

10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is noted or required, if deemed unsafe, malfunctions, or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, call-outs and accumulated labor, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

11. **Taxes, Fees, Assessments: Rents:** and pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

12. **BULK Access:** Renter shall grant, upon reasonable request to enter the premises whereon the Equipment is located or used and permit inspection of same.

13. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

14. **Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith or if Renter fails to keep the Equipment insured as required by Section 8 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue unchanged for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent, or proceedings to such shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damages occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

15. **Indemnification:** Commencing with leasing of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

16. **Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

17. **Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

18. **Governing Law/Venue/Waiver of Trial by Jury:** The Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

19. **Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any confidentiality delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

20. **Entire Agreement.** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

21. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the agreement or future invoicing is also incorporated herein.

22. **Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of other defaults.

23. **Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP.    PAGE 2

 **BULK** EQUIPMENT CORP.   POSITIONED FOR PERFORMANCE   BulkEquip.com

# Rental Agreement

## FE Rail

Date: 7 13 2021

TO:
Chad Roach
FE Group Holdings
200 E Randolph St
Suite 9100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT / E-MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| Taft Bass | | |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 28-Day/Monthly | | | |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Doosan DX350 | Used Tier 4 Final Hydraulic Excavator Serial #DXYCCECHDAF1010124 | $24,760.00 |
| 1 | Remu 75-2 | Hydraulic Mobile Shear Serial # PS75164/N | Package |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Savannah, IL | $3,850.00 |
| 1 | Freight | | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a monthly (28-Day) commitment. FE Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 10 days to have the unit on site. (Pending freight availability)  We look forward to working with you and continuing to strengthen our relationship.

*Shear must be returned with new blades.
*First month payment due before shipment.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement

CUSTOMER/COMPANY

Print _Peter Mesut_

Authorized Signature  Date 7.17.21

BULK EQUIPMENT CORP.

Print _Valerie Blumenfeld_

Authorized Signature _Valerie Blumenfeld_  Date 7-14-21

©2018 BULK EQUIPMENT CORP   PAGE 1



**BULK** EQUIPMENT CORP.

POSITIONED FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## RENTAL AGREEMENT
## GENERAL TERMS AND CONDITIONS

1. Rental Period; Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement as to the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%) if Renter continues to have the Equipment. It must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. UCC Time Lease: The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. Precautionary UCC-1 Financing Statement; No Liens. Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. Receipt of Equipment: Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledged Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. Rental Rate: Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. Return of Equipment: Renter shall return Equipment as agreed, fees ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 160 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour more than such amount (at the applicable industry rate) a rate of ($141) per hour. Abnormal fire/heat wear and tear or damage shall also be subject. Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 5. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.

7. Insurance: Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. Physical Damage: Inland Marine/All Risk to cover the full insurable value of the Equipment (including any loss of its rental value or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $400,000 and will name Bulk Equipment Corp as Loss Payee, ATIMA. General Liability, Auto Liability and Excess/Umbrella will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment leasing company if applicable) is named or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including the Blanket Contractual Liability, (b) Automobile Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability Insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

8. Warranties: As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules, specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or insufficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof for any loss of business howsoever caused.

9. Operators: Only operators sufficiently trained by industry standards shall operate the Equipment.

10. Daily Inspection; Maintenance: Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is needed or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK does provide all maintenance, repairs, call outs and consumables, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

11. Taxes, Fees, Assessments: Renter shall pay all taxes, fees and assessments on the Equipment, prorated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

12. BULK Access: Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

13. Use of Equipment: BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter. and All obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

14. Events of Default & Remedies: BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 8 herein, or fails to repair or replace any Equipment that suffers any material unduerate damage, loss, theft, or destruction; or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent; or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

15. Indemnification: Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

16. Limitation of Liability: In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

17. Notice: Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

18. Governing Law/Venue/Waiver of Trial by Jury: This Rental Agreement shall in all regards be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

19. Survival: All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

20. Entire Agreement. This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

21. Miscellaneous Terms: Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated herein.

22. Waiver: BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of other defaults.

23. Laws, Regulations and Policies: Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP.    PAGE 2

 POSITIONED FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

## FE Rail

Date: 7.26.21

TO:
Chad Roach
FE Group Holdings
200 E Randolph St.
Suite 8100
Chicago, IL 60601

| SOLD TO | CUSTOMER CONTACT & TITLE | BULK EQUIPMENT SALES REP |
|---|---|---|
| FE Rail<br>Waycross, GA | Chad Roach<br>731.608.0172 | Christiansen, Jeff |

| RENTAL TERM | RENTAL START DATE | ATTACHMENT | INSURANCE CERTIFICATE REQ'D |
|---|---|---|---|
| 36 Months | August 1, 2021 | ☐ Fee w/ purchase certificate required ☐ N/A | ☐ Replacement Insured Value Cost |

| QTY | MAKE / MODEL | DESCRIPTION | MONTHLY PAYMENT |
|---|---|---|---|
| 1 | SkyTrak 6036 | Wheeled, Telescopic Forklift, Maximum Lift Capacity 6,000 lb. | $1,100.00 |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to Waycross, GA | $5,220.00 |
| 1 | Pick Up | Delivery to Michigan City, IN | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a 36-month commitment. This price includes 160 hours of run time per unit, per calendar month. Hours more than 160 will be invoiced monthly at the highlighted hourly rate. Bulk will be responsible for all major maintenance and fleet reporting (GPS/Utilization) for the period of the rental. Bulk will have a qualified technician on site within 48 Hours to address any major repairs. Bulk will provide filter kits to FE Rail for the PMs. FE Rail will be responsible for all routine maintenance, greasing, AC, consumables, glass, fuel, seats, lights, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 30 days to have the machine on site and operational. We look forward to working with you and continuing to strengthen our relationship.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all of the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

CUSTOMER/COMPANY

JOHN MARKOFF
Print

_John Markoff_          7-27-21
Authorized Signature          Date

BULK EQUIPMENT CORP.

Valerie Blumenfeld
Print

_Valerie Blumenfeld_          7-28-21
Authorized Signature          Date

©2019 BULK EQUIPMENT CORP.     PAGE 1



POSITIONED
FOR PERFORMANCE
Bulkiquip.com

# Rental Agreement

**RENTAL AGREEMENT**
**GENERAL TERMS AND CONDITIONS**

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") redeliver the Equipment, without mutual written agreement to same, the conditions of this Rental Agreement (the "Agreement") and govern, with an addition to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period, provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. **UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest and is unless subject to all the terms and conditions of this Agreement.

3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery, if defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. **Return of Equipment:** Renter shall return Equipment as agreed, bare ordinary wear and tear. Renter shall be liable for all repair costs above reasonable normal wear and tear, including operator abuse. The Rental Rate is only applicable to 100 hours of run time per month/per month. If Renter exceeds this amount, they shall be liable for each hour in excess of such amount (at the applicable industry rate/s a rate of $10 per hour. Abnormal Dust/sand wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (x) place the Equipment in good repair, condition and working order, or (y) replace the Equipment for any part thereof with like equipment in good repair and working order; or (z) pay to BULK the value of such Equipment as reflected below in section 8. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.

7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. Physical Damage Insurance shall be to cover the full insurable value of the Equipment including any items or parts, for loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, windage, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $100,000 and will name's Bulk Equipment Corp as Loss Payee, ATIMA. General Liability, Auto Liability and Excess/Umbrella will be maintained by Renter and shall name BULK Equipment Corp., (and any employees) leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability; (b) Business Auto Liability with a CSL of liability of $1,000,000; (c) Workers Compensation and Employer Liability insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to being delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be produced by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific operation or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defect, latent or otherwise, in the Equipment or for any consequential damages. In any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defects in, or inefficiency of, Equipment however caused. BULK shall not be liable for Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure of operation thereof, or the repair, service or adjustment thereof or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

9. **Operators:** Only operators sufficiently trained by industry standards may operate the Equipment.

10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, vehicle, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is behind of repair. If deemed unsafe, maintenance or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, and outside communication, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.

11. **Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred EFTA if applicable.

12. **BULK Access:** Renter and grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

13. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the state it has been shipped to, unless agreed to in writing with BULK.

14. **Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 8 herein, or fails to repair or replace any Equipment that suffers any material untoward damage, loss, theft, or destruction; or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession of, sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (x) discontinues or dissolves or ceases operation; or is dissolved or becomes insolvent or bankrupt, or ceases, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (ii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent; or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; and shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and shall be such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (V) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of the Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waiving any demand or process hereby); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity. In addition to the foregoing, Renter shall be obligated to indemnify BULK for any loss, damage or liability incurred solely by the incidental enforcement of BULK. Renter agrees to give BULK prompt notice of any such claims or liability. This clause survives expiration of the Rental Agreement.

15. **Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

16. **Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

17. **Governing Law/Forum:** Indiana law shall govern this Rental Agreement and shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

18. **Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certifications delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

19. **Entire Agreement:** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be varied other than by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of the parties hereto, their permitted successors and assigns.

20. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued by the Agreement of a future invoicing is also incorporated herein.

21. **Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not prevent BULK's right thereafter to demand strict compliance or waiver of other defaults.

22. **Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP    PAGE 2



**Rental Agreement**

POSITIONED
FOR PERFORMANCE
BulkEquip.com

## FE Rail

Date: 9.15.2021

TO:
Chad Roush
FE Group Holdings
200 E Randolph St.
Suite 5100
Chicago, IL 60501

| SHIP TO | CUSTOMER CONTACT + EMAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rai.<br>1810 LN Loop Rd<br>Savanna, IL 61374 | Chad Roush<br>croush@fegroup.co<br>331 22 8702 | Carolyn Jin Lee |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 28 Day/Monthly | 180 | ☐ YES remit certificate no. to ☐ No | ☐ Received (Please Check) |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Doosan DX350 | Used Tool Control Hydraulic Excavator Serial #DWGCECBDPF1010214 | $24,750.00 |
| 1 | Fortress 75-R | Hydraulic Mobile Shear Serial # FS75164R | Package |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Savannah, IL | $3,590.00 |
| 1 | Freight | Return TBD | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a monthly (28-Day) commitment. FE Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 10 days to have the unit on site. (Pending freight availability) We look forward to working with you and continuing to strengthen our relationship.

*Shear must be returned with new blades.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

CUSTOMER/COMPANY

Tead Markoff
Print

John Markoff          9-17-21
Authorized Signature          Date

BULK EQUIPMENT CORP.

Valerie Blumenfeld
Print

Valerie Blumenfeld          9-20-21
Authorized Signature          Date

©2019 BULK EQUIPMENT CORP.    PAGE 1

**BULK**
EQUIPMENT CORP.

POSITIONED
FOR PERFORMANCE
BulkEquip.com

# Rental Agreement

**RENTAL AGREEMENT**
**GENERAL TERMS AND CONDITIONS**

 **BULK** EQUIPMENT CORP.  POSITIONED FOR PERFORMANCE  BulkEquip.com

# Rental Agreement

## FE Rail

Date: 10.15.2021

TO:
Chad Roach
FE Group Holdings
203 E Randolph St.
Suite 6100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT FE RAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| FE Rail
Michigan City, IN | Chad Roach
Email
312-651-1762 | Paul Watson
219 851 0314 |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| Monthly | January 1 2022 | ☐ Tax exempt certificate required ☐ No | ☐ Required ☐ Obtained by |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Scandcbuild 610M D series | US 500 sf Wheeled Material Handler, Cummins 350/3 Diesel Engine, 224 HP MAX 35 ft Lift Height, 10" AC & Heat, Reversing Sterring, RTF tires, reach 87 1/2 ft @ 20 Turret 4 Point Outriggers, 15kW Generator, 220 V, 11 sec., 480V 1 1026, 15%Attachment | $14,650.00 |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight | Delivery to Martin, TN | TBD |
| 1 | Set Up | | TBD |
| 1 | Tear Down | | TBD |
| 1 | Pick Up | Delivery to Michigan City, IN | TBD |

Bulk Equipment Corp. is pleased to provide FE Rail with this proposal for your equipment needs. The above pricing is based on a monthly commitment. The price includes 200 hours of run time per unit, per calendar month. Hours more than 200 will be invoiced monthly at the highlighted hourly rate. Bulk will be responsible for all major maintenance and fleet reporting (GPS/Utilization) for the period of the rental. Bulk will have a qualified technician on site within approximately 72 Hours to address any major repairs. Bulk will provide filter kits to FE Rail for the PMs. FE Rail will be responsible for all routine maintenance, greasing, AC, consumables, glass, tires, fuel, seats, lights, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of FE Rail. Once a signed rental agreement, insurance certificate and purchase order are received, it will take approximately 90 days to have the machine on site and operational. We look forward to working with you and continuing to strengthen our relationship.

*FE Rail can negotiate the purchase of this unit at any time during the term of the agreement.
*FE Rail can replace this unit with another unit on an RPO at any time or chose to convert this unit into an RPO type arrangement if they find it acceptable for long term needs.

By signing below, FE Rail hereby rents from BULK Equipment Corp. the equipment above described (the "Equipment"), subject to all the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, FE Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should FE Rail fail to properly issue payment or breach any other portion of this Rental, BULK may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

CUSTOMER/COMPANY                          BULK EQUIPMENT CORP.

JOHN MARKOFF                              Valerie Blumenfeld
Print                                     Print

John Markoff    10-19-21                  Valerie Blumenfeld   10-20-21
Authorized Signature    Date              Authorized Signature    Date

©2019 BULK EQUIPMENT CORP.    PAGE 1

BULK EQUIPMENT CORP. | POSITIONED FOR PERFORMANCE BulkEquip.com | **Rental Agreement**

## RENTAL AGREEMENT
## GENERAL TERMS AND CONDITIONS

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (this "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that this Agreement may only be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.
2. **UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.
3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.
4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.
5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.
6. **Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal/standard wear and tear, including operator abuse. The Rental Rate is only applicable to 200 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour more than such amount (at the applicable industry rate/at a rate of [$70] per hour). Abnormal tire/tread wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 8. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.
7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. Physical Damage: Inland Marine/All Risk to cover the full insurable value of the Equipment including any booms or jib, for its loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $450,000 and will name Bulk Equipment Corp as Loss Payee, ATIMA. General Liability, Auto Liability and Excess/Umbrella will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment leasing company if equipment is leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of the possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of Liability of $1,000,000; (c) Workers Compensation and Employer Liability insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation thereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.
8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.
9. **Operators:** Only operators sufficiently trained by industry standards shall operate the Equipment.
10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, oil/fluid, and tire condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is noted or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. BULK shall provide all maintenance, repairs, call outs and consumables, except for such repairs required as a result of accidental damage, operator misuse or unusual wear, which shall be the responsibility of Renter.
11. **Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.
12. **BULK Access:** Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.
13. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.
14. **Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 6 herein or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue un-remedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or cease, be unable, or admit in writing its inability, to pay its debts as they mature, or make a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorize such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent; or proceedings to such end shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall suffer an adverse change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.
15. **Indemnification:** Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.
16. **Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.
17. **Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.
18. **Governing Law/Venue/Waiver of Trial by Jury:** This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.
19. **Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.
20. **Entire Agreement:** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.
21. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated hereto.
22. **Waiver:** BULK's failure to require strict performance by Renter of any provision hereto shall not diminish BULK's right thereafter to demand strict compliance or waiver of other defaults.
23. **Laws, Regulations and Rules:** Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.



**POSITIONED FOR PERFORMANCE**
BulkEquip.com

# Rental Agreement

November 1, 2021

## Fe Rail

To: Chad Rosch
FE Group Holdings
200 E. Randolph St.
Suite 5100
Chicago, IL 60601

| SHIP TO | CUSTOMER CONTACT / E-MAIL | BULK EQUIPMENT CONTACT |
|---|---|---|
| Fe Rail | Chad Rosch<br>croach@ferail.com<br>731.608.8762 | Paul Watson<br>219.888.0314 |

| RENTAL TERMS | RENTAL START DATE | TAX EXEMPT | INSURANCE CERTIFICATE |
|---|---|---|---|
| 30 Months | January 1, 2022 | ☐ Yes (exempt certificate required)    ☐ No | ☐ Received (For Office Use Only) |

| QTY | MAKE/MODEL | DESCRIPTION | MONTHLY PRICE |
|---|---|---|---|
| 1 | Hammel VB 850 DK | Caterpillar C13 480HP diesel motor, 6/6/6 Shafts, Side Combs, Breaker Bar, Tracked undercarriage, Folding discharge conveyor, Hyrdo-static pressure regulating gearbox | $30,000.00 |
| 1 | | Discharge conveyor head pulley magnet | Included |

| QTY | ITEM | DESCRIPTION | PRICE |
|---|---|---|---|
| 1 | Freight In | Freight to Fe Rail Location TBD | TBD |

Bulk Equipment Corp. is pleased to provide Fe Rail with this proposal for your equipment needs. The above pricing is based on a 30-month commitment. Fe Rail will be responsible for all maintenance, greasing, consumables, damage, operator abuse or excessive wear for the period of the rental. Repairs required from accidental damage, operator abuse/neglect or unusual wear will be invoiced separately and are the responsibility of Fe Rail. Signed rental agreement, certificate of insurance and purchase order are required. We look forward to working with you and continuing to strengthen our relationship.

*After 30-monthly payments Fe Rail will take ownership of the unit. If the 30 monthly payments are not met, Fe Rail will forfeit any rent that has been paid and Bulk Equipment Corp. will maintain ownership.

*This agreement is contingent upon Fe Rail inspecting the unit for acceptance of the operating condition of the unit. Bulk is the conduit to enable Fe Rail to identify and procure the unit over a 30 month period. Bulk has no warranty or maintenance responsibilities for the duration of the agreement.

*Head pulley magnet included and has an estimated delivery of 2-3 weeks after machine delivery. Fe Rail is responsible for all freight.

*This agreement is good in GA, TN, and TX.

By signing below, Fe Rail hereby rents from Bulk Equipment Corp. the equipment above described (the "Equipment"), subject to all the terms and conditions set forth on page 1 and the General Terms and Condition set forth on page 2, which are made a part hereof and together comprise the Rental Agreement. All additional and/or inconsistent terms are hereby excluded. Payment shall be due monthly. Should any rent be unpaid thereafter, Fe Rail shall pay, upon written demand, as an additional late service and/or overhead charge, an amount equal to five percent (5%) of any such unpaid amount. Should Fe Rail fail to properly issue payment or breach any other portion of this Rental, Bulk may attach any fees, expenses, costs of collection and attorney fees, utilized or incurred to enforce or collect upon the terms of this Rental Agreement.

**CUSTOMER/COMPANY**

JOHN MARKOFF
Print

*John Markoff*
Authorized Signature                          Date

**BULK EQUIPMENT CORP.**

Valerie Blumenfeld
Print

*Valerie Blumenfeld*
Authorized Signature                          Date
11-3-21

# RENTAL AGREEMENT
## GENERAL TERMS AND CONDITIONS

1. **Rental Period:** Rental charges shall commence and end as shown on page 1. Should Customer (hereinafter, "Renter") holdover the Equipment, without mutual written agreement to terms, the conditions of this Rental Agreement (the "Agreement") shall govern, with an increase to the monthly rental rate of ten percent (10%). If Renter desires to renew this Rental Agreement, it must request renewal from BULK at least thirty (30) days prior to the end of the Rental Period; provided, that the Agreement may be renewed upon the mutual written agreement of the parties. If the rental period is month to month, a ten (10) day written request is required. BULK shall not be liable to Renter for any failure or delay in performing its obligations hereunder, including delivery, when such failure or delay results from acts beyond its reasonable control, including strikes, fires, delay by manufacturer, natural disaster, or other unanticipated disasters.

2. **UCC True Lease:** The parties intend that this Agreement constitutes a true lease under the UCC and not a disguised security interest. BULK has title to the Equipment at all times. Renter acquires no ownership, title, property, right, equity or interest in the Equipment other than its leasehold interest solely as lessee subject to all the terms and conditions of this Agreement.

3. **Precautionary UCC-1 Financing Statement; No Liens.** Renter authorizes BULK to file precautionary UCC financing statements and other similar filings and recordings with respect thereto. Renter agrees not to file any corrective or termination statements or partial releases with respect to any UCCs or other similar filings or recordings filed by BULK in connection with any item of Equipment. Renter shall not create, incur, assume or suffer to exist any mortgage, lien, pledge or other encumbrance with respect to the Equipment.

4. **Receipt of Equipment:** Renter shall inspect the Equipment upon delivery. If defective, Renter shall notify BULK. Failure to give notice within three (3) days of delivery shall constitute acknowledgment Renter has inspected and has accepted as being in good condition. Equipment will be delivered with a full tank of fuel.

5. **Rental Rate:** Rental Agreement rate and accompanying conditions are enumerated on page 1. Renter shall pay all shipping and delivery charges incurred in delivery/return of Equipment. This is a non-cancelable Agreement. Renter's obligation to pay all rent and other amounts due under this Agreement is absolute and unconditional and is not subject to any abatement, counterclaim, defense, reduction, or setoff for any reason whatsoever. Any Rental Period terminated early by Renter, without written consent by BULK, shall result in immediate acceleration of the remainder amount due.

6. **Return of Equipment:** Renter shall return Equipment as agreed, less ordinary wear and tear. Renter shall be liable for all repair costs above normal standard wear and tear, including operator abuse. The Rental Rate is only applicable to 0 hours of run time per machine per month. If Renter exceeds this amount, they shall be liable for each hour in excess of such amount at the applicable industry rate of $0/hour. Abnormal finish/wear and tear or damage shall also subject Renter to an additional cost. In the event of damage or loss to the Equipment, Renter shall notify BULK within twenty-four (24) hours. Renter shall, at the option of BULK, (a) place the Equipment in good repair, condition and working order; or (b) replace the Equipment (or any part thereof) with like equipment in good repair and working order; or (c) pay to BULK the value of such Equipment as reflected below in section 6. At the beginning of rental period, Equipment will be delivered with a full tank of fuel and shall be returned at same level at end of rental. If not returned full, Bulk will invoice to customer at $4.50/gallon.

7. **Insurance:** Renter shall obtain and maintain at its expense for the term of this Rental Agreement Liability and Physical Damage Insurance Coverage. **Physical Damage:** Inland Marine/All Risk to cover the full insurable value of the Equipment including any boom or jib, for the loss or damage from any and all causes including but not limited to overloading, misuse, fire, theft, collision, flood, explosion, overturn, accident, acts of God and any such other risks of loss as are customarily insured against on the type of equipment hereunder by industry in which Renter is engaged. The amount of insurance against loss or damage to the Equipment shall be $1,000,000.00 and will name Bulk Equipment Corp as Loss Payee, ATIMA. **General Liability, Auto Liability and Excess/Umbrella** will be maintained by Renter and shall name BULK Equipment Corp., (and any equipment leasing company if applicable leased or rented by BULK and sub-leased to Renter) as Additional Insureds on a Primary and Non-Contributory basis and include a Waiver of Subrogation arising out of this possession, use, operation, maintenance and repair of the Equipment. Following Liability minimum limits of liability shall be maintained by the Renter: (a) General Liability limits of $1,000,000 Each Occurrence, $1,000,000 Personal Injury, $2,000,000 Aggregate including Blanket Contractual Liability, (b) Business Auto Liability with a CSL of liability of $1,000,000; (c) Workers Compensation and Employer Liability Insurance in accordance with applicable state requirements with limits of at least the statutory minimum or $1,000,000 whichever is greater (d) Excess/Umbrella Liability limits in the amount of $5,000,000 Each Occurrence and in the Aggregate. Certificate of Insurance will be submitted to BULK prior to taking delivery of the equipment with at least thirty (30) Days prior written notice of any material alteration in the terms of such policy or of the cancellation hereof. Renter further agrees to give BULK prompt notice of any damage to, or loss of, the Equipment. Insurance shall be procured by Renter from an insurance carrier that is rated "A" or above by the most current A.M.Best Key Rating Guide.

8. **Warranties:** As BULK is neither the Manufacturer, Supplier, nor Dealer of the Equipment, it can make no warranty or guarantee, beyond the specifications and operator's manual, as provided by the Equipment's Manufacturer, Supplier or Dealer, as to the condition of the Equipment, its merchantability, its design, its capacity, its performance, its material, its workmanship, its fitness for any particular purpose, or that it will meet the requirements of any laws, rules or specifications, or contracts which provide for specific apparatus or special methods. BULK further disclaims any liability whatsoever for loss, damage, or injury to Renter, Renter's property or third parties as a result of any defects, latent or otherwise, in the Equipment. BULK shall not be liable, in any circumstances, for any consequential, incidental or exemplary damages, in any action in tort, contract, or any other legal theory. Renter rents the Equipment "as is". BULK shall not be liable in any event to Renter for any loss, delay, or damage of any kind or character resulting from defect in, or inefficiency of, Equipment hereby rented. BULK shall not be liable to Renter for any loss, damage, or expense of any kind or nature caused, directly or indirectly by the Equipment or the use or maintenance thereof or the failure or operation thereof, or the repair, service or adjustment thereof, or by any delay or failure to provide any such maintenance, repairs, service, or adjustment, or by any interruption of service or loss of use thereof or for any loss of business howsoever caused.

9. **Operators:** Only operators sufficiently trained by industry standards shall operate the Equipment.

10. **Daily Inspection; Maintenance:** Renter shall conduct daily, or otherwise as necessary, visual, skilled, and the condition inspections before operating the Equipment. Renter shall not use the Equipment if maintenance is needed or required, if deemed unsafe, malfunctions or is in need of repair. Renter shall notify BULK immediately of any such issues. Renter shall provide all maintenance, repair, oils and consumables, including repairs required as a result of accidental damage, operator misuse or unusual wear.

11. **Taxes, Fees, Assessments:** Renter shall pay all taxes, fees and assessments on the Equipment, pro-rated during the Rental Period. Renter shall obtain all necessary licensing and approvals to operate the Equipment and to pay any incurred IFTA if applicable.

12. **BULK Access:** Renter shall grant, upon reasonable request to enter the premises wherein the Equipment is located or used and permit inspection of same.

13. **Use of Equipment:** BULK may assign this Rental Agreement or any Schedule or BULK's interest in the Equipment without notice to the Renter, and all obligations of this Rental Agreement shall transfer from the Renter to the assignee. Renter shall not assign or in any way dispose of all or any part of its rights or obligations under this Agreement or enter into any sub-Rental Agreement of all or any part of the Equipment without the prior written consent of BULK. Renter will not use or allow the Equipment to be used in contravention of any law or regulation, in violation of this Agreement, or against the prescribed operations of the Equipment, as disclosed by the Manufacturer or Operator's Manual. Renter shall not remove the Equipment from the site it has been shipped to, unless agreed to in writing with BULK.

14. **Events of Default & Remedies:** BULK may consider Rental Agreement, and any other agreement between Renter and BULK in Default if: Renter fails to pay any installment of Rent or other payment required hereunder when due and payable, by acceleration or otherwise, and such failure continues for a period of five (5) days; or if Renter breaches any representation or warranty contained herein or in any other document furnished BULK in connection herewith; or if Renter fails to keep the Equipment insured as required by Section 5 herein, or fails to repair or replace any Equipment that suffers any material uninsured damage, loss, theft, or destruction, or fails to pay any amount demanded by BULK; or if Renter fails to perform or observe any other covenant, condition or agreement to be performed or observed by it hereunder, and such failure or breach shall continue unremedied for a period of ten (10) days after Renter becomes aware of such failure or breach; or if Renter without BULK's consent attempts to remove, sell, transfer, encumber, part with possession, or sublet any item of Equipment or permit a judgment or other claim to become a lien upon any or all of Renter's assets or upon the Equipment; or if Renter (i) dies or dissolves; (ii) shall be adjudicated insolvent or bankrupt, or ceases, be unable, or admit in writing its inability, to pay its debts as they mature, or makes a general assignment for the benefit of creditors; (iii) shall apply for or consent to the appointment of a receiver, trustee or liquidator of it or of a substantial part of its property, or authorizes such application or consent, or proceedings seeking such appointment shall be instituted against it without such authorization and shall continue undismissed for a period of sixty (60) days; (iv) shall authorize or file a voluntary petition in bankruptcy or apply for or consent to the application of any bankruptcy, reorganization, insolvency, dissolution, moratorium or other similar law of any jurisdiction, or authorize such application or consent or proceedings to such end and shall be instituted against it without such authorization, application or consent and such proceeding instituted against it shall continue undismissed for a period of sixty (60) days; or (v) if Renter shall call or permit a meeting or a like change in its financial condition from the date hereof, and as a result thereof BULK deems itself or any of its Equipment to be insecure. Upon notice of default, BULK shall have the right to exercise one or more of the following remedies: (a) to declare the entire amount of rent owed immediately due and payable as to any and all Equipment then rented; (b) to sue for and recover all rents, and other payments, then accrued or thereafter accruing, with respect to any or all items of the Equipment; (c) to take possession of any of the Equipment without demand, notice or legal process, wherever they may be located (Renter waives any damage occasioned by such taking); (d) to terminate this Rental Agreement; or (e) to pursue any remedy at law or in equity.

15. **Indemnification:** Commencing with loading of the Equipment for shipment until return delivery, Renter assumes exclusive control and all risk of loss of the Equipment. Renter shall defend, indemnify and hold BULK harmless from and against all claims, losses, liabilities (including negligence, tort and strict liability), damages, judgments, suits and all legal proceedings, and any and all costs and expenses in connection therewith (including attorney fees) arising out of or in any manner connected with (i) Renter's use and/or possession of the Equipment, or (ii) any breach of this Rental Agreement by Renter. Renter shall not be obligated to indemnify BULK for any loss, damage or liability caused solely by the intentional misconduct of BULK. Renter agrees to give BULK prompt notice of any such claim or liability. This clause survives expiration of the Rental Agreement.

16. **Limitation of Liability:** In no event shall BULK be liable to Renter for any liability, cost or damage, in the amount greater than one month's rental rate, in this Agreement.

17. **Notice:** Any notices or demands shall be issued between the parties in writing, via certified mail, to the addresses set forth herein, or as otherwise agreed upon mutually in writing.

18. **Governing Law/Jurisdiction/Trial by Jury:** This Rental Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Indiana. Renter agrees to submit to the jurisdiction of the State of Indiana and the Federal Court representing LaPorte County, Indiana. BULK and Renter waive the right to trial by jury on any matters arising out of this Rental Agreement or the conduct of the relationship between BULK and Renter.

19. **Survival:** All representations, warranties, covenants and indemnities of Renter made or agreed to in this Rental Agreement and any certificates delivered in connection herewith shall survive the expiration, termination or cancellation of this Rental Agreement for any reason.

20. **Entire Agreement.** This Rental Agreement constitutes the entire understanding or agreement between BULK and Renter and there is no understanding or agreement, oral or written, which is not set forth herein. This Rental Agreement may not be amended except by a writing signed by BULK and Renter and shall be binding upon and inure to the benefit of parties hereto, their permitted successors and assigns.

21. **Miscellaneous Terms:** Any provision of this Rental Agreement which is unenforceable in any jurisdiction, shall be ineffective without invalidating the remaining provisions hereof and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. Any term issued in the Agreement or future invoicing is also incorporated herein.

22. **Waiver:** BULK's failure to require strict performance by Renter of any provision herein shall not diminish BULK's right thereafter to demand strict compliance or waiver of other defaults. Laws, Regulations and Rules: Renter shall comply with all governmental laws, regulations and rules, manufacturer's instructions and warranty requirements and all conditions and policies of insurance with respect to the Equipment, including best practice use of Equipment.

©2018 BULK EQUIPMENT CORP.    PAGE 2

46D02-2302-PL-000197
LaPorte Superior Court 2

Filed: 2/1/2023 8:52 AM
Clerk
LaPorte County, Indiana

# EXHIBIT 2

HOOVER ▪ HULL ▪ TURNER

RILEY H. FLOYD
rfloyd@hooverhullturner.com
Direct Dial: 317.381.5615

December 19, 2022

**VIA CERTIFIED MAIL**

Fe Rail, LLC
c/o Registered Agent
Taft Service Solutions Corp.
111 E. Wacker Dr., Suite 2800
Chicago, IL 60601

Fe Group Holdings, LLC
c/o Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Re:    *Notice of Default – Bulk Equipment Corp. Rental Agreements*

To Whom It Concerns:

I write on behalf of our client, Bulk Equipment Corporation, the owner of equipment leased by Fe Group Holdings, LLC and/or Fe Rail, LLC pursuant to multiple rental agreements, which Fe Group Holdings, LLC and/or Fe Rail, LLC have breached.

Fe has breached its multiple rental agreements—which all are governed by the same General Terms and Conditions—by failing to pay multiple invoices that Fe has an "absolute and unconditional" obligation to pay. (Rental Agmt. ¶ 4) Despite multiple previous accommodations, Fe remains in serious arrears. Bulk has received no payments since August 31, 2022. Thus, Fe's breach has continued beyond a period of 5 days and, as a result, constitutes an event of default under the rental agreements. (Rental Agmt. ¶ 14) The entire amount of rent owed is immediately due and payable. In addition, Fe is liable to Bulk for extensive repair costs Bulk has incurred, or will incur, to restore equipment abused by Fe.

Bulk demands that Fe respond within 7 days and pay within 30 days the sum of $1,928,328.88. If Fe does so, then Bulk would enter into complete, reciprocal releases of claims. As the attached spreadsheet demonstrates, the amount demanded is only the amount of Fe's unpaid, outstanding invoices. It does not include other amounts Fe would be obligated to pay if Bulk were to file suit, such as interest, attorneys' fees, and other amounts due pursuant to the rental agreements.

Bulk reserves all rights and remedies available to it.

HOOVER ■ HULL ■ TURNER

Fe Rail, LLC
Fe Group Holdings, LLC
December 19, 2022
Page 2 of 2

Sincerely,

*Riley H. Floyd*

Riley H. Floyd

Cc:    John Markoff (via certified mail)
       Fe Rail, LLC
       Fe Group Holdings, LLC
       200 E. Randolph, Suite 5100
       Chicago, IL 60601

       Dave Gill (via e-mail to Dgill@ferail.com)

1234971

**Company Name:** Bulk Transport Corp
**Report Name:** Customer Aging Report
**Footer Text:** 12/9/2022
**As of Date:** 12/9/2022
**Created On:** 12/9/2022
**Entity:** 122—FE Rail

Based on Invoice Date
As of Date: 12/09/2022

| Customer ID | Customer Name | Invoice | Invoice Date | Due Date | Days aged | 0-30 | 31-60 | 61-90 | 91-120 | 121- | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FE RAIL - ILLINOIS | FE Rail - Illinois | 674752 | 3/15/2022 | 4/14/2022 | 269 | | | | | 28,628.44 | 28,628.44 |
| | | 230151 | 5/5/2022 | 6/4/2022 | 218 | | | | | 14,000.00 | 14,000.00 |
| | | 230151 | 7/22/2022 | | 140 | | | | | 420.00 | 420.00 |
| | | 674752 | 7/22/2022 | | 140 | | | | | 1,288.28 | 1,288.28 |
| | | 682319 | 9/14/2022 | 10/14/2022 | 86 | | | 9,783.27 | | | 9,783.27 |
| | | 682395 | 9/15/2022 | 10/15/2022 | 85 | | | 4,118.12 | | | 4,118.12 |
| | | 683415 | 10/10/2022 | 11/9/2022 | 60 | | 3,900.00 | | | | 3,900.00 |
| | | 683417 | 10/10/2022 | 11/9/2022 | 60 | | 8,320.00 | | | | 8,320.00 |
| | | 683493 | 10/13/2022 | 11/12/2022 | 57 | | 22,490.40 | | | | 22,490.40 |
| | | 683388 | 10/21/2022 | 11/20/2022 | 49 | | 8,336.64 | | | | 8,336.64 |
| **Total for FE RAIL - ILLINOIS** | | | | | | | 43,047.04 | 13,901.39 | | 44,336.72 | 101,285.15 |
| FE RAIL - OKLAHOMA | FE Rail - Oklahoma | 671899 | 12/28/2021 | 1/28/2022 | 345 | | | | | 21,850.00 | 21,850.00 |
| | | 671811 | 12/29/2021 | 1/28/2022 | 345 | | | | | 21,850.00 | 21,850.00 |
| | | 675310 | 3/28/2022 | 4/27/2022 | 256 | | | | | 11,479.54 | 11,479.54 |
| | | 230057 | 4/30/2022 | 5/30/2022 | 223 | | | | | 13,656.25 | 13,656.25 |
| | | 230089 | 4/30/2022 | 5/30/2022 | 223 | | | | | 13,000.75 | 13,000.75 |
| | | 230152 | 4/30/2022 | 5/30/2022 | 223 | | | | | 8,734.54 | 8,734.54 |
| | | 230304 | 4/30/2022 | 5/30/2022 | 223 | | | | | 14,967.25 | 14,967.25 |
| | | 676949 | 4/30/2022 | 5/30/2022 | 223 | | | | | 347.84 | 347.84 |
| | | 230498 | 5/31/2022 | 6/30/2022 | 192 | | | | | 13,656.25 | 13,656.25 |
| | | 230527 | 5/31/2022 | 6/30/2022 | 192 | | | | | 18,026.25 | 18,026.25 |
| | | 230530 | 5/31/2022 | 6/30/2022 | 192 | | | | | 13,000.75 | 13,000.75 |
| | | 230563 | 5/31/2022 | 6/30/2022 | 192 | | | | | 8,734.54 | 8,734.54 |
| | | 230564 | 5/31/2022 | 6/30/2022 | 192 | | | | | 18,026.25 | 18,026.25 |
| | | 230565 | 5/31/2022 | 6/30/2022 | 192 | | | | | 14,967.25 | 14,967.25 |
| | | 230968 | 6/30/2022 | 7/30/2022 | 162 | | | | | 18,026.25 | 18,026.25 |
| | | 230971 | 6/30/2022 | 7/30/2022 | 162 | | | | | 13,000.75 | 13,000.75 |
| | | 231010 | 6/30/2022 | 7/30/2022 | 162 | | | | | 18,026.25 | 18,026.25 |
| | | 230011 | 6/30/2022 | 7/30/2022 | 162 | | | | | 14,967.25 | 14,967.25 |
| | | 230034 | 7/22/2022 | | 140 | | | | | 449.02 | 449.02 |
| | | 230203 | 7/22/2022 | | 140 | | | | | 540.79 | 540.79 |
| | | 230089 | 7/22/2022 | | 140 | | | | | 390.02 | 390.02 |
| | | 230057 | 7/22/2022 | | 140 | | | | | 409.69 | 409.69 |
| | | 230086 | 7/22/2022 | | 140 | | | | | 262.04 | 262.04 |
| | | 230565 | 7/22/2022 | | 140 | | | | | 540.79 | 540.79 |
| | | 230564 | 7/22/2022 | | 140 | | | | | 224.51 | 224.51 |
| | | 230563 | 7/22/2022 | | 140 | | | | | 270.39 | 270.39 |
| | | 230530 | 7/22/2022 | | 140 | | | | | 131.02 | 131.02 |
| | | 230527 | 7/22/2022 | | 140 | | | | | 195.01 | 195.01 |
| | | 230498 | 7/22/2022 | | 140 | | | | | 270.39 | 270.39 |
| | | 676849 | 7/22/2022 | | 140 | | | | | 204.84 | 204.84 |
| | | 675310 | 7/22/2022 | | 140 | | | | | 10.44 | 10.44 |
| | | 231436 | 7/31/2022 | 8/30/2022 | 131 | | | | | 516.58 | 516.58 |
| | | | | | | | | | | 18,026.25 | 18,026.25 |

| Invoice | Date 1 | Date 2 | Days | Amt A | Amt B | Amt C | Amount | Total |
|---|---|---|---|---|---|---|---|---|
| 231439 | 7/31/2022 | 8/30/2022 | 131 | | | | 13,000.75 | 13,000.75 |
| 231486 | 7/31/2022 | 8/30/2022 | 131 | | | | 8,734.54 | 8,734.54 |
| 231845 | 8/31/2022 | 9/30/2022 | 100 | | 18,026.25 | | | 18,026.25 |
| 231848 | 8/31/2022 | 9/30/2022 | 100 | | 13,000.75 | | | 13,000.75 |
| 232014 | 8/31/2022 | 9/30/2022 | 100 | | 4,367.27 | | | 4,367.27 |
| 681986 | 8/31/2022 | 9/30/2022 | 100 | | 15,262.89 | | | 15,262.89 |
| 232288 | 9/30/2022 | 10/30/2022 | 70 | 13,000.75 | | | | 13,000.75 |
| 232286 | 9/30/2022 | 10/30/2022 | 70 | 18,026.25 | | | | 18,026.25 |
| **Total for FE RAIL -OKLAHOMA** | | | | 31,027.00 | 50,657.16 | | 300,495.03 | 382,179.19 |
| **FE RAIL TENNESSEE** | | | | | | | | |
| **FE RAIL TN FE GROUP HOLDINGS LLC** | | | | | | | | |
| 671815 | 12/29/2021 | 1/28/2022 | 345 | | | | 21,950.00 | 21,950.00 |
| 671810 | 12/29/2021 | 1/28/2022 | 345 | | | | 21,950.00 | 21,950.00 |
| 674537 | 3/7/2022 | 4/6/2022 | 277 | | | | 1,807.59 | 1,807.59 |
| 229889 | 4/6/2022 | 5/6/2022 | 247 | | | | 15,365.00 | 15,365.00 |
| 230087 | 4/20/2022 | 5/20/2022 | 223 | | | | 13,718.75 | 13,718.75 |
| 230088 | 4/20/2022 | 5/20/2022 | 223 | | | | 13,718.75 | 13,718.75 |
| 230224 | 4/20/2022 | 5/20/2022 | 223 | | | | 13,060.25 | 13,060.25 |
| 230214 | 4/20/2022 | 5/20/2022 | 223 | | | | 823.13 | 823.13 |
| 676850 | 4/20/2022 | 5/20/2022 | 223 | | | | 127.32 | 127.32 |
| 230346 | 4/30/2022 | 5/30/2022 | 223 | | | | 15,365.00 | 15,365.00 |
| 230528 | 5/31/2022 | 6/30/2022 | 192 | | | | 13,718.75 | 13,718.75 |
| 230529 | 5/31/2022 | 6/30/2022 | 192 | | | | 13,718.75 | 13,718.75 |
| 230531 | 5/31/2022 | 6/30/2022 | 192 | | | | 14,596.75 | 14,596.75 |
| 230573 | 5/31/2022 | 6/30/2022 | 192 | | | | 18,108.75 | 18,108.75 |
| 230579 | 5/31/2022 | 6/30/2022 | 192 | | | | 1,646.25 | 1,646.25 |
| 230588 | 5/31/2022 | 6/30/2022 | 192 | | | | 18,108.75 | 18,108.75 |
| 230589 | 5/31/2022 | 6/30/2022 | 192 | | | | 13,060.25 | 13,060.25 |
| 230670 | 5/31/2022 | 6/30/2022 | 192 | | | | 32,925.00 | 32,925.00 |
| 230671 | 5/31/2022 | 6/30/2022 | 192 | | | | 15,365.00 | 15,365.00 |
| 230969 | 6/30/2022 | 7/30/2022 | 162 | | | | 13,718.75 | 13,718.75 |
| 230970 | 6/30/2022 | 7/30/2022 | 162 | | | | 13,718.75 | 13,718.75 |
| 230972 | 6/30/2022 | 7/30/2022 | 162 | | | | 14,596.75 | 14,596.75 |
| 231017 | 6/30/2022 | 7/30/2022 | 162 | | | | 18,108.75 | 18,108.75 |
| 231030 | 6/30/2022 | 7/30/2022 | 162 | | | | 18,108.75 | 18,108.75 |
| 231031 | 6/30/2022 | 7/30/2022 | 162 | | | | 13,060.25 | 13,060.25 |
| 231115 | 6/30/2022 | 7/30/2022 | 162 | | | | 32,925.00 | 32,925.00 |
| 231212 | 6/30/2022 | 7/30/2022 | 162 | | | | 15,365.00 | 15,365.00 |
| 679517 | 6/30/2022 | 7/30/2022 | 162 | | | | 4,757.94 | 4,757.94 |
| 679518 | 6/30/2022 | 7/30/2022 | 162 | | | | 1,804.69 | 1,804.69 |
| 230090 | 7/22/2022 | | 140 | | | | 437.90 | 437.90 |
| 230207 | 7/22/2022 | | 140 | | | | 543.26 | 543.26 |
| 230223 | 7/22/2022 | | 140 | | | | 543.26 | 543.26 |
| 230224 | 7/22/2022 | | 140 | | | | 391.81 | 391.81 |
| 230088 | 7/22/2022 | | 140 | | | | 411.56 | 411.56 |
| 230087 | 7/22/2022 | | 140 | | | | 411.56 | 411.56 |
| 230214 | 7/22/2022 | | 140 | | | | 24.69 | 24.69 |
| 229889 | 7/22/2022 | | 140 | | | | 691.43 | 691.43 |
| 230573 | 7/22/2022 | | 140 | | | | 271.63 | 271.63 |
| 230551 | 7/22/2022 | | 140 | | | | 218.95 | 218.95 |
| 230529 | 7/22/2022 | | 140 | | | | 205.78 | 205.78 |
| 230528 | 7/22/2022 | | 140 | | | | 205.78 | 205.78 |
| 230670 | 7/22/2022 | | 140 | | | | 493.88 | 493.88 |
| 230771 | 7/22/2022 | | 140 | | | | 230.48 | 230.48 |

| Invoice | Date | Due Date | Qty | Amount 1 | Amount 2 | Amount 3 | Amount 4 | Total |
|---|---|---|---|---|---|---|---|---|
| 210589 | 7/22/2022 | | 140 | 195.90 | | | | 195.90 |
| 210588 | 7/22/2022 | | 140 | 271.63 | | | | 271.63 |
| 210579 | 7/22/2022 | | 140 | 24.69 | | | | 24.69 |
| 676850 | 7/22/2022 | | 140 | 3.82 | | | | 3.82 |
| 210946 | 7/22/2022 | | 140 | 460.95 | | | | 460.95 |
| 210251 | 7/22/2022 | | 140 | 987.75 | | | | 987.75 |
| 674537 | 7/22/2022 | | 140 | 108.47 | | | | 108.47 |
| 210437 | 7/31/2022 | | 131 | 13,718.75 | | | | 13,718.75 |
| 210438 | 7/31/2022 | | 131 | 13,718.75 | | | | 13,718.75 |
| 210440 | 7/31/2022 | | 131 | 14,596.75 | | | | 14,596.75 |
| 210490 | 7/31/2022 | | 131 | 18,108.75 | | | | 18,108.75 |
| 210591 | 7/31/2022 | | 131 | 18,108.75 | | | | 18,108.75 |
| 210592 | 7/31/2022 | | 131 | 13,060.25 | | | | 13,060.25 |
| 210593 | 7/31/2022 | | 131 | 32,925.00 | | | | 32,925.00 |
| 210685 | 7/31/2022 | 8/30/2022 | 131 | 15,365.00 | | | | 15,365.00 |
| 210846 | 8/31/2022 | 8/30/2022 | 100 | | 13,718.75 | | | 13,718.75 |
| 210847 | 8/31/2022 | 8/30/2022 | 100 | | 13,718.75 | | | 13,718.75 |
| 210849 | 8/31/2022 | 8/30/2022 | 100 | | 14,596.75 | | | 14,596.75 |
| 210859 | 8/31/2022 | 9/30/2022 | 100 | | 18,108.75 | | | 18,108.75 |
| 210860 | 8/31/2022 | 9/30/2022 | 100 | | 13,060.25 | | | 13,060.25 |
| 210917 | 8/31/2022 | 9/30/2022 | 100 | | 18,108.75 | | | 18,108.75 |
| 210925 | 8/31/2022 | 9/30/2022 | 100 | | 32,925.00 | | | 32,925.00 |
| 210919 | 8/31/2022 | 9/30/2022 | 100 | | 15,365.00 | | | 15,365.00 |
| 691087 | 8/31/2022 | 9/30/2022 | 86 | | 5,062.68 | | | 5,062.68 |
| 692216 | 9/14/2022 | 10/14/2022 | 86 | | | 2,579.95 | | 2,579.95 |
| 692221 | 9/14/2022 | 10/14/2022 | 81 | | | 14,101.71 | | 14,101.71 |
| 692466 | 9/19/2022 | 10/19/2022 | 81 | | | 9,227.08 | | 9,227.08 |
| 692468 | 9/23/2022 | 10/23/2022 | 77 | | | 26,867.67 | | 26,867.67 |
| 692896 | 9/27/2022 | 10/27/2022 | 73 | | | 1,827.38 | | 1,827.38 |
| 693575 | 9/30/2022 | 10/30/2022 | 70 | | | 6,859.38 | | 6,859.38 |
| 693576 | 9/30/2022 | 10/30/2022 | 70 | | | 9,054.38 | | 9,054.38 |
| 692557 | 9/30/2022 | 10/30/2022 | 70 | | | 6,530.13 | | 6,530.13 |
| 692488 | 9/30/2022 | 10/30/2022 | 70 | | | 32,925.00 | | 32,925.00 |
| 692287 | 10/10/2022 | 11/9/2022 | 70 | | | 13,718.75 | | 13,718.75 |
| 693414 | 10/10/2022 | 11/9/2022 | 60 | | | | 8,112.00 | 6,112.00 |
| **Total for FE RAIL TENNESSEE** | | | | **552,035.85** | **144,664.68** | **123,691.43** | **8,112.00** | **828,503.36** |

**FE RAIL - INDIANA**   (FE Rail- Indiana)

| Invoice | Date | Due Date | Qty | Amount 1 | Amount 2 | Amount 3 | Amount 4 | Total |
|---|---|---|---|---|---|---|---|---|
| 231003 | 6/30/2022 | 7/30/2022 | 152 | 13,656.25 | | | | 13,656.25 |
| 231120 | 7/30/2022 | 7/30/2022 | 152 | 1,638.75 | | | | 1,638.75 |
| 678962 | 7/30/2022 | 7/30/2022 | 152 | 1,749.60 | | | | 1,749.60 |
| 678036 | 7/15/2022 | 8/14/2022 | 147 | 2,805.23 | | | | 2,805.23 |
| 679927 | 7/20/2022 | 8/19/2022 | 142 | 1,813.80 | | | | 1,813.80 |
| 231477 | 7/31/2022 | 8/30/2022 | 131 | 13,656.25 | | | | 13,656.25 |
| 231661 | 7/31/2022 | 8/30/2022 | 131 | 1,638.75 | | | | 1,638.75 |
| 231679 | 7/31/2022 | 8/30/2022 | 131 | 18,026.25 | | | | 18,026.25 |
| 231680 | 7/31/2022 | 8/30/2022 | 131 | 14,967.25 | | | | 14,967.25 |
| 680835 | 7/31/2022 | 8/30/2022 | 131 | 3,745.00 | | | | 3,745.00 |
| 231904 | 8/31/2022 | 9/30/2022 | 100 | | 13,656.25 | | | 13,656.25 |
| 232096 | 8/31/2022 | 9/30/2022 | 100 | | 1,638.75 | | | 1,638.75 |
| 232114 | 8/31/2022 | 9/30/2022 | 100 | | 18,026.25 | | | 18,026.25 |
| 232115 | 8/31/2022 | 9/30/2022 | 100 | | 14,967.25 | | | 14,967.25 |
| 681792 | 9/6/2022 | 10/6/2022 | 92 | | 624.00 | | | 624.00 |
| 232249 | 9/19/2022 | 10/19/2022 | 81 | | | 29,260.00 | | 29,260.00 |

| Invoice | Date | Date | Qty | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| 232554 | 9/30/2022 | 10/30/2022 | 70 | - | - | 14,967.25 | - | - | 14,967.25 |
| 232563 | 9/30/2022 | 10/30/2022 | 70 | - | - | 18,026.25 | - | - | 18,026.25 |
| 222359 | 9/30/2022 | 10/30/2022 | 70 | - | - | 13,656.25 | - | - | 13,656.25 |
| 683416 | 10/10/2022 | 11/9/2022 | 60 | - | 1,560.00 | - | - | - | 1,560.00 |
| 683554 | 10/14/2022 | 11/13/2022 | 56 | - | 11,310.93 | - | - | - | 11,310.93 |
| 683841 | 10/21/2022 | 11/20/2022 | 49 | - | 9,105.10 | - | - | - | 9,105.10 |
| 683839 | 10/21/2022 | 11/20/2022 | 49 | - | 25,997.17 | - | - | - | 25,997.17 |
| 233064 | 11/14/2022 | 12/14/2022 | 25 | 20,840.00 | - | - | - | - | 20,840.00 |
| 233065 | 11/14/2022 | 12/14/2022 | 25 | 78,218.00 | - | - | - | - | 78,218.00 |
| 233061 | 11/14/2022 | 12/14/2022 | 25 | 25,000.00 | - | - | - | - | 25,000.00 |
| 233062 | 11/14/2022 | 12/14/2022 | 25 | 92,010.00 | - | - | - | - | 92,010.00 |
| 233063 | 11/14/2022 | 12/14/2022 | 25 | 98,120.00 | - | - | - | - | 98,120.00 |
| 233066 | 11/14/2022 | 12/14/2022 | 25 | 55,680.00 | - | - | - | - | 55,680.00 |
| **Total for FE RAIL- INDIANA** | | | | 369,868.00 | 47,973.20 | 75,909.75 | 48,912.50 | 73,697.13 | 616,360.58 |
| **Grand Totals** | | | | 369,868.00 | 99,132.24 | 244,529.57 | 244,234.34 | 73,697.13 | 1,928,338.88 |