UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BULK TRANSPORT CORP.,

    Plaintiff,

    v.

FE RAIL, LLC, et al.,

    Defendants.

CASE NO. 3:23-CV-164-MGG

**OPINION AND ORDER**

This case is essentially a collections case based on Defendants' failure to pay rent and repairs for heavy equipment it leased from Plaintiff from June to November 2021. Plaintiff alleges that Defendants defaulted on 14 Rental Agreements and owes about $2 million. After notifying Defendants of the default, Plaintiff filed a complaint on February 1, 2023[1], asserting three claims: Count I—Breach of Contract; Count II—Account Stated; and Count III—Unjust Enrichment. [DE 5].

Now pending before this Court is Plaintiff's motion for summary judgment on the Breach of Contract claim, or alternatively, the Account Stated claim. Plaintiff also filed a motion for sanctions against Defendants seeking default judgment, or specified alternative sanctions, based upon allegations of willful failure to participate in discovery. Defendants have filed motions requesting additional time to file briefs in response to both motions.

---

[1] Plaintiff initiated this action in LaPorte Superior Court on February 1, 2023. Defendants then removed the action to this Court on February 24, 2023. [DE 1].

The undersigned rules on all pending matters in this case based on the parties' consent pursuant to 28 U.S.C. § 636(c)(1). [DE 21].

## I. RELEVANT PROCEDURAL BACKGROUND

On May 1, 2023, a Rule 16(b) Scheduling Order was entered to govern the flow of litigation in this case. [DE 23]. The Scheduling Order reflected the parties' agreement about case management deadlines including completion of non-expert discovery and discovery relating to liability and damages by July 24, 2023. [*Id.*]. The parties sought and received an extension of this deadline until August 25, 2023, because Plaintiff could not proceed with necessary depositions without supplemental written responses and document production from Defendants. [DE 26, 27].

Just one day before that deadline, Defendants' attorneys filed a motion to withdraw their appearances because Defendants had not made any payment for legal fees (including the retainer) in this matter. [DE 28]. Withdrawal of counsel would have left Defendants—both limited liability companies—without representation and unable to file anything in the case. [DE 29 (citing *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011))]. Therefore, Counsel's motion was taken under advisement.

Almost a month later on September 20, 2023, Defendants requested a status conference on their counsel's still-pending motion to withdraw after Plaintiff filed its instant motion for summary judgment [DE 30] and motion for sanctions [DE 33] on September 7, 2023. Defendants also filed a motion seeking an extension of their deadline to respond to the motion for sanctions, or alternatively, a stay of all deadlines to allow for resolution of the motion to withdraw and retention of new counsel. [DE 36].

Through a separate status report filed on September 26, 2023, Defendants' counsel reported Defendants' expectation that they would retain new counsel by October 26, 2023,[2] and requested a stay to allow time for Defendants to retain new counsel. Plaintiff objected to any extension or stay. In support, Plaintiff referenced another case against Defendants in the Western District of Pennsylvania that was delayed so Defendants could secure new counsel, which never happened. Then on October 4, 2023, Defendants filed a motion to extend briefing of the instant summary judgment motion, or once again, to stay all deadlines until new counsel could appear. [DE 41].

Amidst this flurry of activity, the Court scheduled a status conference that was ultimately held on October 23, 2023, with counsel for all parties and Defendants' representative, Jonathon Markoff, attending. At the hearing, the Court directly advised Mr. Markoff that Defendants would not be able to file anything in this case without counsel. Mr. Markoff acknowledged this reality and stated that Defendants currently face financial insolvency making it highly unlikely, if not impossible, that they would be able to secure new representation. Based on these representations, the Court granted defense counsel's motion to withdraw and informed Mr. Markoff that this case would proceed apace regardless of whether new counsel entered an appearance on Defendants' behalf. [*See* DE 44]. To date, no attorney has entered an appearance for either Defendant.

---

[2] By email on September 26, 2023, Defendants' corporate representative Jonathon Markoff told counsel that he "need[ed] a couple of weeks [to] secure the attorney to represent [Defendants]." [DE 38-1 at 1]. Citing Markoff's email, counsel reported their "anticipat[ion] that Defendants will have new counsel withing the next thirty (30) days"—or by October 26, 2023. [DE 38 at 2].

3

## II. BRIEFING RELATED MOTIONS [DE 36, 41]

Through two motions, Defendants ask the Court to delay briefing and resolution of Bulk Transport's summary judgment and sanctions motions. Defendants remain unrepresented in this action despite being afforded more than three months to retain new counsel since their attorneys first sought to withdraw their appearances. [*See* DE 29]. Accordingly, Defendants cannot file any response to the pending motions even if an extension were granted. Moreover, any stay would unduly prejudice Plaintiff by delaying resolution of its claims with no expectation that Defendants will ever be able to participate in this litigation again given Mr. Markoff's report of financial insolvency. As a result, Defendants' motions to extend or stay briefing deadlines are **DENIED**. [DE 36, 41].

## III. MOTION FOR SUMMARY JUDGMENT [DE 30]

With the briefing motions denied, Plaintiff's motion for summary judgment is now ripe without any response from Defendants. Through its Motion, Plaintiff contends that there are no genuine disputes of material fact as to its Count I Breach of Contract claim, or alternatively its Count II Account Stated claim, such that it is entitled to judgment as a matter of law on those claims.

Plaintiff supports its motion with a Statement of Undisputed Material Facts [DE 32]. Plaintiff outlines the terms of 14 almost identical Rental Agreements between Plaintiff and Defendants for lease of heavy equipment between June 2021 and November 2021. According to Plaintiff, the Rental Agreements all require monthly lease payments from Defendants; establish Defendants' liability for all repair costs above

4

normal wear and tear; define events constituting default including Defendants' failure to pay rent when due; and specify the consequences of any default including Defendants' liability for all costs and expenses, including attorney fees, incurred by Plaintiff to collect amounts due under the Rental Agreements. Plaintiff reports that Defendants were invoiced for rent and repairs consistent with the Rental Agreements but failed to make any payment after August 31, 2022. In a letter dated December 19, 2022, Plaintiff demanded payment from Defendants but have received none.

Based on the Declaration of Debra Jones, Plaintiff's Treasurer, Plaintiff asserts that Defendants have failed to pay $1,928,328.88 in rent plus $168,174.21 in interest accrued through September 7, 2023, with additional interest accruing at a rate of $422.65 per day. Plaintiff also states that Defendants have never disputed the amount they owe. Accordingly, Plaintiff asks the Court to enter judgment in the amount of $1,928,328.88, plus 8 percent annual interest from the date of each unpaid invoice as well as taxable costs and expenses, including attorneys' fees.

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau*

5

*Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted); *see also Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Failure to oppose a motion for summary judgment, or any particular argument within a motion for summary judgment, results in waiver of the uncontested issues. *See United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017); *see also Rabé v. United Air Lines, Inc.*, 971 F. Supp. 2d 807, 820 (N.D. Ill. 2013).

Here, Defendants have not filed any response to Plaintiff's motion for summary judgment or its accompanying Statement of Undisputed Material Facts despite being afforded ample time to do so. *Cf.* Fed. R. Civ. P. 56(e)(1). As such, Defendants have waived any objection to Plaintiff's Statement of Undisputed Material Facts as well as any argument in defense of the Breach of Contract claim (Count I). *See Parkhurst*, 865 F.3d at 524. Accordingly, the facts as presented by Plaintiff are deemed undisputed for purposes of the instant motion. *Cf.* Fed. R. Civ. P. 56(e)(2); *see also Mingo v. Roadway Express, Inc.*, 135 F. Supp. 2d 884, 893 (N.D. Ill. 2001).

Moreover, Plaintiff has established that it is entitled to judgment as a matter of law on the Breach of Contract claim. The General Terms and Conditions of each Rental Agreement provide that the Agreements are governed by Indiana law. [*E.g.*, DE 32-1 at 6, ¶ 18]. Under Indiana law, "[t]he essential elements of a breach of contract action are the existence of a contract, breach, and damages." *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021) (internal quotation omitted). The undisputed facts cited above establish the existence of contracts between Plaintiff and Defendants in the form of the Rental Agreements; Defendants' breach of those Rental Agreements by failing to pay rent and

repairs; and contractual damages to Plaintiff in the form of unpaid rent and repairs as well as costs and expenses incurred as part of its collection efforts. Having established that Defendants breached the Rental Agreements, Plaintiff is entitled to judgment as a matter of law in the amount of unpaid rent plus accrued and accruing interest from the date of each unpaid invoice consistent with the terms of the Rental Agreements and the statutory interest rate set forth in Ind. Code §§ 24-4.6-1-101, -103. Consistent with the Rental Agreements, Plaintiff is also entitled to recover its costs and expenses (including attorneys' fees in an amount to be determined) incurred in connection with Defendants' breach.

Therefore, Plaintiff's motion for summary judgment is **GRANTED** as to Count I in Plaintiff's complaint for Breach of Contract. [DE 30]. Plaintiff's Count II, Account Stated, is now moot as it seeks relief already granted herein.

## IV. MOTION FOR SANCTIONS [DE 33]

Through its motion for sanctions, Plaintiff asks the Court to enter default judgment against Defendants based on their failure to participate in discovery. With the resolution of Counts I and II above, the only claim still before the Court for which sanctions may be imposed is Count III, Unjust Enrichment. For the reasons discussed below, such a sanction is warranted.

### A. Relevant Background

In its Unjust Enrichment claim, Plaintiff alleges that it conferred a measurable benefit upon Defendants, at their request, when it provided equipment to them for use in their business. Plaintiff argues that allowing Defendants to retain that benefit would

7

be unjust because they never paid for the use of the equipment. Plaintiff asks for restitution—presumably disgorgement of any profit attained by use of the equipment—as compensation.

Plaintiff began discovery by propounding interrogatories, requests for admission, and requests for production on Defendants seeking evidence in support of its claims, including the Unjust Enrichment claim. Defendants provided responses and objections that Plaintiff found deficient. After discussion between counsel, Defendants' counsel agreed to provide supplemental responses but did not do so on the agreed date. Defendants then conferred with Plaintiff about amending deadlines in the Court's Rule 16(b) Scheduling Order. After reaching agreement, the parties filed a motion to extend the deadline for completion of non-expert discovery and discovery related to liability and damages until August 25, 2023, which was granted. [DE 27]. In that order, the Court advised the parties that future extension requests would be considered in light of the mandate for expeditious resolution of disputes set forth in Fed. R. Civ. P. 1 [*Id.*].

After the Court's order, Defendants produced supplemental discovery responses that Plaintiff still found deficient and incomplete while stating that discovery was ongoing and further supplements could follow. Plaintiff noticed the Rule 30(b)(6) depositions of Defendants as well as the deposition of Jonathon Markoff, the Manager and President/Secretary of Defendant FE Group Holdings, LLC, which is the sole managing member of Defendant FE Rail, LLC. Plaintiff also propounded a second set of document requests on Defendants. As the August 25th discovery deadline approached, however, Defendants' counsel reported having lost contact with Mr. Markoff and asked

to delay their written responses and the noticed depositions as a result. One day before the deadline, Defendants' counsel filed their motion to withdraw initiating the course of events discussed above without having delivered discovery responses or having produced Defendants' corporate designees or Mr. Markoff for the noticed depositions.

Viewing Defendants' failure to appear for depositions and produce complete responses to written discovery requests to be a willful failure to participate in discovery, Plaintiff filed the instant motion seeking sanctions, namely default judgment, pursuant to Fed. R. Civ. P. 37(d). Plaintiff's motion is now ripe without any response having being filed by Defendants.

### B. Analysis

Fed. R. Civ. P. 37(c)(1) and (d)(1)(A) provide for sanctions, up to and including default judgment, when a party fails to appear for a properly noticed deposition; fails to serve answers, written responses, or objections to properly served interrogatories, requests for inspection; or fails to supplement discovery under Fed. R. Civ. P. 26(e). Default as a sanction pursuant to Rule 37 is appropriate where a party's failure to comply with discovery obligations is based on "willfulness, bad faith, or fault." *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (citing *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *overruled on other grounds by Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Dismissal or default for failure to comply with discovery obligations should not be undertaken lightly and only upon a finding "that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake . . . ." *See Ramirez*, 845 F.3d at 776. "Fault, in

9

contrast to wilfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party was guilty of extraordinarily poor judgment or gross negligence rather than mere mistake or carelessness." *Id.* (internal citations and quotations omitted).

Here, neither Defendant has provided any explanation for ignoring their discovery obligations. The closest Defendants have come was at the October 2023 status conference when Mr. Markoff indicated that Defendants faced financial insolvency that might prevent them from retaining new counsel. Yet even this fails to establish inadvertence, mistake, or inability to respond to written discovery requests or appear for depositions by Defendants. And while Defendants have not shown the necessary intent to support a finding of willfulness or bad faith, their pattern of promising discovery but not providing it followed by silence in explanation amounts to the extraordinarily poor judgment or gross negligence to establish fault. Accordingly, default against Defendants is a reasonable response to Defendants' conduct—or lack thereof—in this action.

The record also demonstrates Defendants' apparent abandonment of any defense against Plaintiff's claims, including the Unjust Enrichment claim. Despite the Court's warnings to Mr. Markoff at the October 2023 status conference that the Court would be deciding the pending matters soon regardless of whether or not new counsel entered an appearance for Defendants, no attorney has entered an appearance for Defendants in the six weeks since the status conference. As a result, the Court can only presume that Defendants have chosen not to defend against Plaintiff's claims.

And lastly, Plaintiff has been prejudiced by Defendants' failure to participate in discovery. Defendants' failure to produce documents beyond those in Plaintiff's possession and their failure to appear for depositions has deprived Plaintiff of information—especially financial information—relevant to proving its claims, especially the Unjust Enrichment claim. Without the information, Plaintiff is also hampered in determining its only ability to collect on an eventual judgment.

Given the prejudice Defendants have imposed on Plaintiff and their inability to participate in this case without counsel, a sanction of lesser effect than default would be futile and would unnecessarily delay resolution of Plaintiff's Unjust Enrichment claim.

### C. Sanctions Conclusion

For the reasons stated above, Plaintiff's Motion for Sanctions is **GRANTED IN PART** as to Count III, Unjust Enrichment. [DE 33].

## V. CONCLUSION

For the reasons discussed above, the Court:

(1) **DENIES** Defendants' Motion for Extension of Time [DE 36] and Motion to Stay [DE 41];

(2) **GRANTS** Plaintiff's Motion for Summary Judgment [DE 30] as to Count I, Breach of Contract, and **DISMISSES AS MOOT** Count II, Account Stated; and

(3) **GRANTS IN PART** Plaintiff's Motion for Sanctions [DE 33] as to Count III, Unjust Enrichment.

Lacking any evidence of the proper amount of damages in the form of restitution owed to Plaintiff for Count III (Unjust Enrichment), the Court will not enter final

11

judgment in this case before addressing the judgment-related matters with the parties at the telephonic status conference already scheduled for December 5, 2023, at 11:30 a.m. EST. [*See* DE 23 at 4–5].

**SO ORDERED** this 4th day of December 2023.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge